UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIRAL PATEL, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>        Defendant | CASE NO. _____ |

**CLASS ACTION COMPLAINT**

**I.   INTRODUCTION**

1.     This is a class action brought on behalf of individuals who have worked as "franchisees" for 7-Eleven, Inc. ("7-Eleven") in Illinois. Although these individuals have purchased franchises from 7-Eleven, purporting to run their own businesses, in reality they have simply worked as convenience store managers, running the stores subject to 7-Eleven's detailed policies, procedures, and oversight.

2.     7-Eleven is a familiar international convenience store chain with hundreds of stores throughout Illinois. It uses a "franchise" model, under which workers like the plaintiffs pay large sums of money in order to purchase a convenience store business. However, in reality, rather than owning their own independent business, these workers simply toil as managers for 7-Eleven. These workers, whose services are the bedrock of 7-Eleven's business, often find themselves working grueling hours for less than minimum wage under 7-Eleven's constant direction and control. Indeed, 7-Eleven dictates nearly every aspect of the franchisees' work,

down to the most minute detail. They do not retain discretion over their stores but instead must adhere to the detailed direction set forth by 7-Eleven.

3. Plaintiff alleges that 7-Eleven has improperly misclassified its "franchisees" as independent contractors when they are actually employees of 7-Eleven under Illinois law. In doing so, 7-Eleven has thereby denied these workers the benefits to which they are entitled as employees under the Illinois wage laws. Based on this misclassification, 7-Eleven has improperly required these workers to buy their jobs in violation of Illinois law, through up-front (and ongoing) payments of "franchise fees", and has made improper deductions from their pay for such items as insurance, payments to employee including payroll taxes, and other payments that should be borne by the employer, 7-Eleven.

4. In this action, the above-named plaintiff seeks to recover, on his own behalf and on behalf of all similarly situated individuals, compensation for these violations, any other damages or relief allowed by law, and attorneys' fees and costs.

## II. PARTIES

5. Plaintiff Niral Patel is an adult resident of Chicago, Illinois. Mr. Patel purchased a 7-Eleven franchise and has performed services running a 7-Eleven store (working essentially as a store manager and clerk for 7-Eleven) in Illinois since approximately 2010.

6. This is a class action that the above-named plaintiff brings on his own behalf and on behalf of all others similarly situated, namely all other 7-Eleven franchisees who have worked within the State of Illinois during the applicable statute of limitations.

7. Defendant 7-Eleven Inc. is a Texas corporation with its principal place of business in Irving, Texas.

### III. JURISDICTION AND VENUE

8. The Court has personal jurisdiction over the Defendant because it does business in the State of Illinois, and its conduct in the State of Illinois underlies all claims in this suit.

9. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the proposed plaintiff class resides primarily in Illinois, while the defendant is a Texas corporation, and the class claims exceed $5 million.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the unlawful labor practices giving rise to Plaintiff's claims were committed, at least in part, within this judicial district.

### IV. STATEMENT OF FACTS

11. 7-Eleven is a convenience store chain that uses a "franchise" model, in which it charges individuals large sums of money to purchase a "franchise" and supposedly own their own convenience store business. The relationship between 7-Eleven and "franchisees" is governed by a franchise agreement. These "franchisees" are classified as independent contractors. However, these workers are in fact employees under Illinois law.

12. The behavioral and financial control manifested over these workers by 7-Eleven, as well as the nature of the services performed, demonstrate that the workers are employees rather than independent contractors under Illinois law.

13. The workers perform services within 7-Eleven's usual course of business, which is to operate convenience stores.

14. 7-Eleven instructs these workers in how to do their work and dictates the performance of the details of their jobs. For example, 7-Eleven market managers communicate with the franchisees on an almost daily basis by text message and frequently visit their stores to

inspect their work. If the store does not meet 7-Eleven's detailed and exacting standards regarding which products must be in stock, cleanliness, and hours of operation, franchisees can be written up and are subject to termination in 7-Eleven's discretion after being written up multiple times.

15. Likewise, 7-Eleven imposes a litany of rules and requirements on its franchisees. For example, 7-Eleven dictates that the workers in its stores wear uniforms. It can require that they undergo its specific training. It monitors their work remotely through the use of cameras in the stores.

16. The franchisees are not given discretion to run their own business. 7-Eleven's rules go well beyond what would be necessary for it to maintain its franchise brand. 7-Eleven dictates store hours, even in dangerous and inclement weather. Franchisees cannot even alter the temperature in the stores, which is controlled by 7-Eleven. Franchisees are not allowed to plug in anything "external" in their stores, such as space heaters. Franchisees are required to only accept certain methods of payment authorized by 7-Eleven. Franchisees' names are not on the leases or licenses for the stores. Franchisees cannot even control the temperature in their stores; it is controlled by 7-Eleven from its headquarters in Texas.

17. 7-Eleven controls the entire payroll system at the stores, not the franchisees. Employees at the stores enter their hours into *7-Eleven's* system, and it is 7-Eleven that calculates payroll and issues checks, not the franchisees. 7-Eleven is listed on the lottery and liquor licenses for the franchisees' stores (and franchisees are listed as mere "managers").

18. Franchisees are required to make a deposit every twenty-four hours into an account controlled by 7-Eleven. 7-Eleven requires them to keep a certain amount of funds in the account at all times or risk getting written up by 7-Eleven (which can eventually lead to termination). Franchisees are not free to use the funds in their store accounts as they see fit but

4

are instead allotted a standard "draw" and must specially request any withdrawal beyond that standard draw.

19. 7-Eleven's franchisees do not work in an independently established trade, occupation, profession, or business. Instead, they perform services as convenience store managers and sales clerks exclusively for 7-Eleven. Indeed, their franchise agreements place restrictions on their ability to invest in or work for competing businesses while they work for 7-Eleven, as well as for a period of time after leaving 7-Eleven. While they are operating 7-Eleven stores, they do while wearing the "hat" of 7-Eleven, not their own hat.

20. Also, 7-Eleven's franchisees do not represent themselves to the public as being in an independent business, and they typically have not invested in an independent business apart from their payment of "franchise" fees to 7-Eleven.

21. Because of their misclassification by 7-Eleven as independent contractors, plaintiffs and other so-called "franchisees" have not received the benefits that inure from the employment relationship under law.

22. In addition to having to pay thousands of dollars for their jobs running 7-Eleven stores, franchisees also have numerous deductions taken from their pay by 7-Eleven, which constitute improper deductions from wages. For example, 7-Eleven deducts payments towards "franchise" fees, payments for store maintenance, credit card fees, advertising fees, payroll taxes for the store's employees, and the like.

## V.     CLASS ALLEGATIONS

23.    Plaintiff brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who worked as franchisees of 7-Eleven at any time between ten years prior to the filing of this lawsuit and the entry of judgment in this case.

24.    This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed class regarding; (1) 7-Eleven's conduct in classifying franchisees as independent contractors; (2) effectively making illegal deductions from their wages by uniformly requiring franchisees to pay fees in order to perform their jobs; (3) 7-Eleven's deductions from franchisees' wages.

    c. The claims of Plaintiff Patel are typical of the claims of the proposed class and he has the same interests as the other members of the class; and

    d. Plaintiff Patel will fairly and adequately protect the interests of the class as he has retained able counsel experienced in class action litigation; his interests are coincident with, and not antagonistic to, the interests of the other class members; and he has retained competent counsel who are experienced in this area of law and class action litigation.

25.    In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over

any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Failure to Pay Wages and Illegal Deductions, 820 ILCS § 115, *et seq.*

26. At all relevant times, Plaintiff and the members of the proposed class were "employees" of Defendant as defined by the Illinois Wage Payment and Collection Act.

27. At all relevant times, Defendant was the employer of Plaintiff and the members of the proposed class as defined by the IWPCA.

28. Defendant has violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. State. § 115/1, *et seq.*, by misclassifying its franchisees as independent contractors, requiring them to pay fees in order to perform their jobs and taking deductions from their pay. This claim is brought on behalf of all franchisees who have worked for 7-Eleven in the last ten years prior to the date of filing of this Complaint until the date of judgment in this action. See ILCS § 5/13-206.

WHEREFORE, Plaintiff respectfully requests this Court to:

    A. Certify a class, including any appropriate sub-classes, pursuant to Fed. R. Civ. P. 23;

    B. Issue a declaratory judgment that Plaintiff and class members are employees, not independent contractors;

    C. Award damages for all wages or other forms of restitution that are due to Plaintiff and class members because of their misclassification as independent contractors and failure to receive all wages due to them under the Illinois wage laws;

D. Award attorneys' fees and costs; and

E. Award any other relief to which Plaintiff may be entitled.

        Respectfully submitted,

        NIRAL PATEL, individually and on behalf of all others similarly situated,

        By their attorneys,

        s/ Bradley Manewith
        Bradley Manewith, #06280535
        Marc Siegel, #06238100
        Siegel & Dolan Ltd.
        150 North Wacker Drive, Suite 1100
        Chicago, IL 60606
        Tel. (312) 878-3210
        Fax (312) 878-3211
        Email: bmanewith@msiegellaw.com
             msiegel@msiegellaw.com

        Shannon Liss-Riordan, *pro hac vice anticipated*
        Michelle Cassorla, *pro hac vice anticipated*
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, MA 02116
        Tel. (617) 994-5800
        Fax (617) 993-5801
        Email: sliss@llrlaw.com
             mcassorla@llrlaw.com

Dated: October 18, 2018